UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CARL CHRISTIAN,

    Plaintiff,

v.

STATE OF MINNESOTA,
JOAN FABIAN, Commissioner of the
Minnesota Department of Corrections,
and E. UMOH,

    Defendants.

---

Civil No. 06-4151 (DSD/JJG)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is a former Minnesota state prison inmate. His present lawsuit stems from an incident that allegedly occurred while he was incarcerated at the Minnesota Correctional Facility at Lino Lakes, Minnesota. Plaintiff alleges that on August 27, 2005, he was returning to his cell after a tornado watch, when he experienced a sudden and urgent need "to use the restroom to relieve his bowels." He purportedly told a correctional officer, Defendant E. Umoh,

that he needed to go to the bathroom immediately, and that he "could not wait until after count." Umoh allegedly denied Plaintiff's request to go to the bathroom, and told him to "shut up and close the door." Plaintiff then found himself "unable to control his bowels any further," and "defecated in his pants."

Plaintiff claims that as a result of the incident described in his complaint, other inmates laughed at him and called him names. He also claims that he "was embarrassed, angry, and emotionally distraught as a result" of the incident, and he has "suffered severe emotional distress and mental anguish affecting his psychological well-being."

Plaintiff is now attempting to sue Defendant Umoh, as well as the State of Minnesota and Minnesota Commissioner of Corrections Joan Fabian, for violating his federal constitutional rights under the Eighth and Fourteenth Amendments. He also is attempting to sue Defendants based on several state tort law theories. Plaintiff is seeking compensatory damages for "physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; and medical and psychological expenses, both past and future." He is also seeking punitive damages from Defendants.

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] In this

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995, ("PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 1915(e)(2), which is applicable to all cases – not just prisoner cases – filed after April 26,

case, the Court finds that, even with the benefit of liberal construction, (see id. at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's complaint fails to state an actionable federal claim against the named Defendants.

To state an actionable federal civil rights claim based on the Eighth Amendment, as Plaintiff is attempting to do here, a claimant must allege facts showing that prison officials were personally aware of some particular "excessive risk" to his health or safety, and knowingly and deliberately disregarded that risk. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995). The complaint must allege facts showing that the named defendant(s) harmed the claimant by deliberately disregarding his "serious medical needs," (Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)), by forcing him to live in conditions that do not meet the minimum standards of a civilized society, (Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), by using excessive physical force against him, (Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)), or by deliberately exposing him to an obvious risk of physical harm, (Farmer v. Brennan, 511 U.S. 825, 834 (1994)). No facts showing any such mistreatment are alleged in Plaintiff's present complaint.

If the complaint accurately portrays how Defendant Umoh treated Plaintiff, it certainly appears that Umoh acted unsympathetically and unprofessionally. If Umoh fully understood the situation described in the complaint, it is hard to imagine why he would refuse to let Plaintiff go to the restroom. However, even if the facts alleged in Plaintiff's complaint are

---

1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted," (§ 1915(e)(2)(B)(ii)).

entirely accurate, Umoh's treatment of Plaintiff does not rise to the level of "cruel and unusual punishment," as that term has been interpreted by the Supreme Court.

An Eighth Amendment claimant must allege facts showing that the defendant(s) knowingly caused the claimant to suffer some actual, demonstrable harm. "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994) (emphasis added).

In this case, there are no allegations suggesting that Plaintiff suffered any actual injury. The complaint indicates that Plaintiff suffered only some brief discomfort from trying to constrain his bowels. There is no suggestion that he ever sought any medical attention as a result of the incident described in his complaint.

While the Court does not mean to trivialize Plaintiff's discomfort, or condone Umoh's alleged behavior, it is clear that Plaintiff did not suffer the type of "actual injury" that could provide the basis for an Eighth Amendment cause of action. See Whitted v. Lazerson, No. 96 Civ. 2746 (AGS), (S.D.N.Y. 1998), 1998 WL 259929 at *2 (no violation of inmate's Eighth Amendment rights occurred where he urinated and defecated on himself after being deprived of an opportunity to go to the bathroom); Cunningham v. Eyman, 17 Fed.Appx. 449, 453 (7th Cir. 2001) (prisoner who "spent 16 hours in shackles and four to five hours in soiled clothing" after urinating and defecating on himself had no actionable Eighth Amendment claim, because he did not suffer "a deprivation of constitutional proportion"); Gill v. Riddick, No. Civ. 9:03-CV-1456, (N.D.N.Y. 2005), 2005 WL 755745 at *16 ("[n]o matter how humiliating urinating on oneself can be," there is no Eighth Amendment cause of action without some actual injury); Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (Eight Amendment claim

could not be sustained by an inmate who urinated on himself, because "the momentary deprivation of the right to use the bathroom, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation"), cert. denied, 126 S.Ct. 721 (2005). Thus, the Court concludes, as a matter of law, that the facts alleged in Plaintiff's complaint -- even if entirely true -- will not support an Eighth Amendment cause of action.

Plaintiff's complaint also refers to the Fourteenth Amendment, but it is not clear why he believes his rights under that amendment were violated. There are no allegations suggesting that Plaintiff was deprived of any constitutionally protected right to life, liberty or property, without being afforded the procedural protections required by the Fourteenth Amendment's due process clause. So it appears that Plaintiff must be attempting to bring a substantive due process claim. To state such a claim, Plaintiff would have to show that he was deprived of some "fundamental" liberty interest, and that Defendants' conduct was so outrageous that it "shocks the conscience" of the Court. Slusarchuk v. Hoff, 346 F.3d 1178, 1181-82 (8th Cir. 2003) ("a substantive due process plaintiff must demonstrate both that the official's conduct was conscience-shocking, and that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty") (citations and internal quotations omitted), cert. denied, 541 U.S. 988 (2004).

Here the Court finds, as a matter of law, that immediate access to a toilet upon demand is not a "fundamental right" that is "deeply rooted in this Nation's history and tradition." Id. Furthermore, denying a prisoner's request to visit a restroom may evidence poor judgment, (at least under circumstances such as those described in Plaintiff's complaint), but

it does not "shock the conscience" of the Court. As previously noted, Defendant Umoh's insensitivity to Plaintiff's plight, if accurately portrayed in the complaint, certainly warrants no commendation. However, the incident described in the complaint, even if true, was not sufficiently egregious or outrageous to support a substantive due process cause of action. See Burton v. Richmond, 370 F.3d 723, 729 (8th Cir. 2004) ("[b]efore official conduct or inaction rises to the level of a substantive due process violation it must be so egregious or outrageous that it is conscience-shocking"), citing County of Sacramento v. Lewis, 523 U.S. 833, 848 n. 8 (1998), cert. denied, 544 U.S. 905 (2005).

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any cognizable federal cause of action.[2] Because no actionable federal claim has been pleaded, the Court finds that it would not be appropriate to exercise supplemental jurisdiction over the state law claims that Plaintiff is attempting to bring. See 28 U.S.C. § 1367(c)(3); Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); see also

---

[2] The Court further notes that Plaintiff's claims against the State of Minnesota are barred by the Eleventh Amendment to the United States Constitution, which prohibits individuals from suing states in federal court, unless the state has consented to be sued, (Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam)), or Congress has abrogated the state's immunity by some express statutory provision. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff's complaint includes no allegations suggesting that the State of Minnesota has consented to be sued in this matter, and Plaintiff has not identified any act of Congress that would abrogate the State's constitutional immunity from being sued in federal court. Therefore, Plaintiff's current claims against the State of Minnesota are barred by the Eleventh Amendment.

Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir. 1990) (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible"). Any such state law claims should be dismissed without prejudice, leaving Plaintiff free to pursue them in state court, if he chooses. See Stokes, 644 F.2d at 785.

Lastly, based on the Court's determination that this action should be summarily dismissed, it will also be recommended that Plaintiff's IFP application be denied.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but without prejudice as to the state laws claims that Plaintiff has attempted to bring.

Dated: October 27, 2006                               s/Jeanne J. Graham

                                                                     _____
                                                                     JEANNE J. GRAHAM
                                                                     United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by November 16 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.